*ELECTRONICALLY FILED*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

| | |
|---|---|
| MARTIN LUFTMAN and VIRGINIA LUFTMAN | CASE NO. _____ |
| Plaintiffs | JUDGE: _____ |
| v. | |
| LABORATORY FOR KIDNEY PATHOLOGY, INC.; and LILIA MAURICIO, M.D. | **<u>NOTICE OF REMOVAL</u>** |
| Defendants | |

\*     \*     \*     \*     \*

To the Honorable Judges of the United States District Court for the Eastern District of Kentucky, Lexington Division:

The Removing Parties and Putative Defendants, Laboratory for Kidney Pathology, Inc., and Lilia Mauricio, M.D., by and through counsel, and without waiving their rights, without subjecting themselves to the personal jurisdiction of this Court by virtue of this appearance, and without waiving their ability to further challenge this action under any other applicable Federal Rules of Civil Procedure, and pursuant to 28 USCS §§ 1332, 1441, and 1446, hereby respectfully submit to this Court:

1

1. The Removing Parties are named as Defendants in a civil action brought against them in the **Fayette Circuit Court, Commonwealth of Kentucky, Civil Action No. 15-CI-4557**, for damages related to an alleged claim of medical malpractice.  A true and accurate copy of all pleadings filed to date in that action are collectively attached hereto as Exhibit A.

2. Plaintiffs, Martin Luftman and Virginia Luftman, commenced their action against Laboratory for Kidney Pathology, Inc., and Lilia Mauricio, M.D., on December 16, 2015, having obtained service of their Complaint on Laboratory for Kidney Pathology, Inc., and Lilia Mauricio, M.D., on or about that same date.

3. Laboratory for Kidney Pathology, Inc., and Lilia Mauricio, M.D., are filing this Notice of Removal within thirty (30) days, as required under 28 USCS § 1446.

4. Any civil action filed in a State Court over which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 USCS § 1441(a).  The instant action is properly removable to this Court because this Court has original subject matter jurisdiction over the matter based upon diversity of citizenship.

5. Upon information and belief, and as indicated in Paragraphs 1 and 2 of Plaintiffs' Complaint, at the time the Plaintiffs filed their Complaint in State Court, and at the time this Notice of Removal was filed in this Court (hereinafter, "at all relevant times"), the Plaintiffs were residents, citizens, and domiciliaries of Lexington, Fayette County, Kentucky (*See*: Plaintiffs' Complaint, Paragraphs 1 and 2).

6. At all relevant times, Putative Defendant Laboratory for Kidney Pathology, Inc., was a Tennessee Corporation holding its principal place of business at 1916 Patterson Street, Nashville, Davidson County, TN 37203.

7. At all relevant times, Putative Defendant Laboratory for Kidney Pathology, Inc., was identified in Plaintiffs' Complaint as a foreign corporation with its principal place of business at 1916 Patterson Street, Nashville, TN 37203.

8. Putative Defendant Laboratory for Kidney Pathology, Inc., is, in fact, currently incorporated under the laws of, and has its principal place of business in, the State of Tennessee, Davidson County.

9. At all relevant times, Putative Defendant Lilia Mauricio, M.D., was a resident, citizen, and domiciliary of the State of Tennessee, Davidson County.

10. At all relevant times, Putative Defendant Lilia Mauricio, M.D., was identified in Plaintiffs' Complaint as a resident of the State of Tennessee.

11. Putative Defendant Lilia Mauricio, M.D., is, in fact, currently a resident, citizen, and domiciliary of the State of Tennessee, Davidson County.

12. Because this is a case between two citizens of the Commonwealth of Kentucky and two citizens of the State of Tennessee, there is complete diversity of citizenship under 28 USCS § 1332(a) and (c)(1).

13. Plaintiffs do not allege a specific number of damages in this action (*See*: Plaintiffs' Complaint), but with the filing of this Notice of Removal, Putative Defendants presume the damages to be claimed by Plaintiff are in excess of $75,000.

14. As such, the $75,000 amount in controversy requirement for diversity jurisdiction in this Court is satisfied, pursuant to 28 USCS § 1332.

15. For the reasons recited hereinabove, this Honorable Court has original jurisdiction over the instant lawsuit, which is removable to this Court pursuant to 28 USCS § 1441(a).

16. Each of the Putative Defendants to this action have consented to removal.

17. Each of the Putative Defendants to this action have complied with all applicable requirements of 28 USCS § 1446, and are promptly providing Notice of this Removal to the Plaintiffs, by and through counsel, and the Circuit Court of Fayette County, Kentucky.

WHEREFORE, The Removing Parties and Putative Defendants, Laboratory for Kidney Pathology, Inc., and Lilia Mauricio, M.D., respectfully request that this Notice of Removal be filed, and that the Complaint in Fayette Circuit Court Civil Action No. 15-CI-4557 be removed from the Fayette Circuit Court, to this Honorable Court.

Dated: ___1/14/2016___                    Respectfully submitted,


                                           **FULKERSON, KINKEL & MARRS, PLLC**
                                           239 North Broadway
                                           Lexington, Kentucky 40507
                                           Telephone:  859-253-0523
                                           Facsimile:  859-254-2098
                                           E-mail: mmarrs@fulkersonkinkel.com
                                                   cthompson@fulkersonkinkel.com


                               By:     */s/ Chad Thompson*_____
                                       MELANIE S. MARRS
                                       T. CHAD THOMPSON
                                       ***Counsel for Putative Defendants,***
                                       ***Laboratory for Kidney Pathology, Inc.,***
                                       ***and Lilia Mauricio, M.D.***

4

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 14th, 2016, I electronically filed the foregoing with the Clerk of the United States District Court for the Eastern District of Kentucky, by using the CM/ECF system, and that a hard copy of the foregoing was also served upon the following via U.S. mail on the same date:

**Copies To:**

Fayette Circuit Court Clerk
103 Robert F. Stephens Courthouse
120 North Limestone Street
Lexington, Kentucky 40507

Douglass Farnsley
J. Brittany Cross Carlson
Stites & Harbison, PLLC
400 West Market Street
Suite 1800
Louisville, Kentucky 40202
***Counsel for Plaintiffs***

*/s/ Chad Thompson*
MELANIE S. MARRS
T. CHAD THOMPSON
***Counsel for Putative Defendants,***
***Laboratory for Kidney Pathology, Inc.,***
***and Lilia Mauricio, M.D.***